| | | |
|---|---|---|
| **ERIC MALONE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **TAMKO ROOFING PRODUCTS INC., et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on defendants' Motion to Dismiss (#9). Plaintiff has timely filed a Response (#15) and defendants have filed a timely Reply (#16). Without leave of court, plaintiff filed a Surreply (#17), as to which defendant has filed a Motion to Strike (#18). Inasmuch as a surreply is not allowed by the Local Civil Rules (see LCvR 7.1) and leave was not sought to file such pleading, it will be stricken. Oral arguments were heard on September 11, 2013.

Having considered the pleadings and arguments, the court enters the following findings, conclusions, and Order dismissing plaintiff's claims for negligence, fraudulent concealment, and unfair or deceptive trade practices.

## FINDINGS and CONCLUSIONS

### I.        Background

Having considered the Amended Complaint (#12) in a light most favorable to the party resisting the Motion to Dismiss, plaintiff purchased a foreclosed home in 2010 in Waxhaw, North Carolina. The home was constructed in 2006, but was never purchased by a homeowner from the builder prior to foreclosure. By 2012, it was evident to plaintiff that that the roof system

had failed as the asphalt shingles had curled and slid off the roof. Plaintiff replaced the roof system and made a claim on the warranty to the shingle manufacturer, defendants herein. Defendants denied the claim under an exclusion provision of the warranty. Plaintiff then filed this action, bringing a claim for breach of the warranty as well as claims sounding in tort under state common law as well as a state statutory scheme prohibiting unfair and deceptive trade practices. Defendants contend that because plaintiff has an adequate remedy under the warranty, his tort claims must be dismissed.

## II.    Rule 12(b)(6): Applicable Standard

Until recently, a complaint could not be dismissed under Rule 12(b)(6) unless it appeared certain that plaintiff could prove "no set of facts" which would support his claim and entitle him to relief. Neitzke v. Williams, 490 U.S. 319 (1989);  Conley v. Gibson, 355 U.S. 41 (1957). This no set of facts standard has been specifically abrogated by the Supreme Court.

First, in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Court held that  the no set of facts standard first espoused in Conley, supra, only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading to govern a complaint's survival."   Id. at 563.   The Court specifically rejected use of the no set of facts standard because such standard would improperly allow a "wholly conclusory statement of claim" to "survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." Id., at  561 (alteration in original).   Post Twombly, to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts in his complaint that "raise a right to relief above the speculative level." Id., at 555.

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief"
> requires  more  than  labels  and  conclusions,  and  a  formulaic  recitation  of  the

elements of a cause of action will not do . . . .

Id. (second alteration in original; citation omitted). Further, a complaint will not survive Rule 12(b)(6) review where it contains "naked assertion[s] devoid of further factual enhancement." Id., at 557. Instead, a plaintiff must now plead sufficient facts to state a claim for relief that is "*plausible* on its face." Id., at 570 (emphasis added).

Second, the Court revisited the Rule 12(b)(6) pleading standard in Ashcroft v. Iqbal, 556 U.S. 662 (2009). In Iqbal, the Court determined that Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Id. at 678. The Court explained that, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" Id. (citing Twombly, supra; emphasis added). What is plausible is defined by the Court:

> [a] claim has facial plausibility when the plaintiff pleads sufficient factual content
> that allows the court to draw the reasonable inference that the defendant is liable
> for the misconduct alleged.

Id. This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Thus, a complaint falls short of the plausibility standard where a plaintiff pleads "facts that are 'merely consistent with' a defendant's liability . . . ." Id. While the court accepts plausible factual allegations made in a complaint as true and considers those facts in the light most favorable to plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

In sum, when ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*) (citations omitted). A complaint "need only give the defendant fair notice of what the

claim is and the grounds upon which it rests." Id., at 93 (alteration and internal quotation marks omitted). However, to survive a motion to dismiss, the complaint must "state[ ] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950. While a plaintiff is not required to plead facts that constitute a *prima facie* case in order to survive a motion to dismiss, see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-15 (2002), "[f]actual allegations must be enough to raise a right to relief above the speculative level," Bell Atlantic Corp. v. Twombly, 550 U.S. at 555.

## III. Discussion

Defendants contend that plaintiff's tort claims for negligence, fraudulent concealment, and unfair or deceptive trade practices all must be dismissed under the "economic loss rule." It is well settled in North Carolina that the economic loss rule prohibits recovery for purely economic loss in tort when a contract, an express warranty, or the Uniform Commercial Code operates to allocate risk.[1] While the warranty claim will move forward, the court will dismiss the plaintiff's tort claims.

The economic loss rule e provides that a purchaser of an allegedly defective product is prohibited from bringing a negligence action against the product's manufacturer when the alleged damage is limited to the product itself. Wilson v. Dryfit Systems, Inc., 206 F.Supp2d 749, 753 (E.D.N.C.2002); see also Moore v. Coachmen Indus., Inc., 129 N.C.App. 389, 401-02, 499 S.E.2d 772, 780 (1998); Coker v. DaimlerChrysler Corp., No. 01CVS1264, 2004 WL 32676, at *3 (N.C.Super. Jan. 5, 2004)(unpublished opinion), aff'd, 172 N.C.App. 386, 617 S.E.2d 306

---

[1]    Defendant also contends that plaintiff has not alleged any facts that show the existence of a relationship between himself and defendants that could give rise to a legal duty to speak. Clearly, plaintiff cannot plausibly assert that he had any relationship with defendants when the home was built in 2006; however, the court will not further discuss this alternative basis for dismissal inasmuch as the economic loss rule clearly bars plaintiff's tort claims.

(2005).  Indeed, the United States Supreme Court has recognized that "[d]amage to a product itself is most naturally understood as a warranty claim" and that warranty law allows a manufacturer to "restrict its liability, within limits, by disclaiming warranties or limiting remedies," and "[i]n exchange, the purchaser pays less for the product."  East River S.S. Corp. v. Transamerica Delaval, Inc., 476 U.S. 858, 872-873 (1986).  As plaintiff has only alleged damage to the roof itself, he is limited to a claim sounding in warranty, and the court will dismiss the remaining claims under Rule 12(b)(6) as the economic loss rule bars their assertion herein.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

(1)     defendants' Motion to Strike Surreply (#18) is **GRANTED** and the Surreply (#17) is stricken;

(2)     defendants' Motion to Dismiss (#13) is **GRANTED**, and plaintiff's claims for negligence, fraudulent concealment, and unfair or deceptive trade practices are **DISMISSED;** and

(3)     defendants shall file their Answer to the remaining claims in the Amended Complaint within 14 days of entry of this Order.

Signed: October 8, 2013

Max O. Cogburn Jr.
United States District Judge