UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKETNO. 3:13-cv-00089-MOC-DCK

| | |
|---|---|
| **ERIC MALONE, et al.,** )<br>)<br>Plaintiffs, )<br>)<br>Vs. )<br>)<br>**TAMKO BUILDING PRODUCTS INC, et al.,** )<br>)<br>Defendants. ) | MEMORANDUM OF DECISION |

**THIS MATTER** is before the court on defendants' Motion for Summary Judgment. After the motion was fully briefed by the parties, oral arguments were heard May 14, 2014. Having considered defendants' motion, reviewed the pleadings, and considered the arguments of counsel, the court enters the following findings, conclusion, and Order granting summary judgment and dismissing this case.

**FINDINGS and CONCLUSIONS**

   **I.   Background**

This action concerns a substantial home built in Waxhaw, North Carolina, in 2006, foreclosed on by the bank that financed the construction, and then purchased by plaintiffs (the first homeowners of the property) from the bank in 2010. At issue is whether defendants, manufacturers of the roofing material used on the home, are liable for costs incurred by plaintiffs when they replaced the roof in 2012.

It is undisputed that before purchasing the home from the bank, plaintiffs hired a home inspector to perform an inspection on April 6, 2010. In the home inspection report, the inspector informed plaintiffs, as follows:

> The composite shingles (main house roof covering) are loose in various locations. There are missing shingles on the rear sides of the roof. Daylight can be seen coming into the attic from behind the upstairs HVAC unit in the main attic space. There is a missing shingle on the left side of the roof (visible from a window). It is recommended that a Licensed Qualified Contractor further investigates the entire roof covering to determine all the repairs needed.

It is also undisputed that the plaintiffs did not engage a roofing contractor to further investigate the roof, but proceeded on to closing.

Two years later, plaintiffs submitted a warranty claim on the roof to defendants in September 2012. In that claim, plaintiffs informed the manufacturer that the shingles were breaking and sliding off the roof, but also indicated that the roof was not leaking. Defendants denied the claim on November 8, 2012, and plaintiffs then replaced the roof at their own expense later that month. At the hearing, the parties informed the court that the cost incurred by the plaintiffs in replacing the roof was approximately $49,000.00.[1]

With the earlier dismissal of all other claims, all that remains for resolution at this point is plaintiffs' claim for breach of the express warranty.

## II. Summary Judgment Standard

Defendants have moved for summary judgment and supported their motion with citations to properly submitted evidentiary materials. Rule 56(a), Federal Rules of Civil Procedure, provides:

> A party may move for summary judgment, identifying each claim or defense —or the part of each claim or defense —on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed.R.Civ.P. 56(a).

---

[1] Despite plaintiffs' warranty claim not meeting the jurisdictional minimum of $75,000.00, the court has decided to exercise supplemental jurisdiction over this claim after its earlier dismissal of state claims that sought treble damages, which satisfied the jurisdictional minimum at the time this action was filed. The parties stated their concurrence with exercising supplemental jurisdiction at the hearing.

Where a party files and properly supports a motion for summary judgment, Rule 56 provides procedures for a responding party to use in opposing a motion for summary judgment:

> **(c) Procedures.**
> **(1) Supporting Factual Positions.** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> (2) **Objection That a Fact Is Not Supported by Admissible Evidence.** A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> **(3) Materials Not Cited.** The court need consider only the cited materials, but it may consider other materials in the record.
>
> **(4) Affidavits or Declarations.** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed.R.Civ.P. 56(c).

On a motion for summary judgment, the moving party has the burden of production to show that there are no genuine issues for trial. Upon the moving party's meeting that burden, the non-moving party has the burden of persuasion to establish that there is a genuine issue for trial.

> When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. In the language of the Rule, the nonmoving [sic] party must come forward with "specific facts showing that there is a *genuine issue for trial."* Where the record taken as a whole could not lead a rational trier of fact to find for the non-

moving party, there is no "genuine issue for trial."

Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted; emphasis in the original) (quoting Fed. R. Civ. P. 56). There must be more than just a factual dispute; the fact in question must be material and readily identifiable by the substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

By reviewing substantive law, the court may determine what matters constitute material facts. Anderson, supra. "Only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." Id. at 248. A dispute about a material fact is "genuine" only if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." Id. The court must credit factual disputes in favor of the party resisting summary judgment and draw inferences favorable to that party if the inferences are reasonable, however improbable they may seem. Cole v. Cole, 633 F.2d 1083, 1092 (4th Cir. 1980). Affidavits filed in support of a motion for summary judgment are to be used to determine whether issues of fact exist, not to decide the issues themselves. United States ex rel. Jones v. Rundle, 453 F.2d 147 (3d Cir. 1971). When resolution of issues of fact depends upon a determination of credibility, summary judgment is improper. Davis v. Zahradnick, 600 F.2d 458 (4th Cir. 1979).

In determining whether a genuine issue of material fact exists, the admissible evidence of the non-moving party must be believed and all justifiable inferences must be drawn in its favor. Anderson, supra, at 255. In the end, the question posed by a summary judgment motion is whether the evidence "is so one-sided that one party must prevail as a matter of law." Id., at 252.

III. **Discussion**

The question presented by defendants' Motion for Summary Judgment is whether plaintiffs' claim is foreclosed by the language of the express warranty, which warrants the shingles from leakage only,[2] and plaintiffs' admission that the roof did not leak prior to replacement. Because the clear and unambiguous language of the policy only provides relevant coverage for leakage, and plaintiffs have admitted that the shingles did not leak, defendants are entitled to summary judgment on plaintiffs' express warranty claim as no genuine issues of fact remain for trial.

In reaching such conclusion, the court has applied the substantive law of North Carolina in considering plaintiffs' claim for breach of an express warranty and its reading of the warranty itself. Jones v. Penn Nat. Ins. Co., 835 F. Supp. 2d 89, 97 (W.D.N.C. 2011). Under North Carolina law, a subsequent purchaser of a home, such as plaintiffs, can bring a breach of express warranty claim despite a lack of privity between them and the defendants. N.C. Gen. Stat. § 25-2-313. Here, plaintiffs contend that defendants breached the express warranty contained in defendants' Limited Warranty by denying their claim. In relevant part, the Limited Warranty provides coverage if the shingles "are determined to have manufacturing defects which have directly caused leaks." Def. App. 4, ¶¶ 9-10 and Ex. A.

Plaintiffs have consistently maintained that the roof was not leaking when they decided to replace it in 2012: first, on the warranty claim form, plaintiffs answered "No" to the question "Is your roof leaking?" Def. App. 3, Resp. No. 1 and Ex. A); and second, in their responses to defendants' First Requests for Admissions, plaintiffs admitted that they were aware of no leaks in their roof prior to the removal and replacement of the Shingles in November 2012, and that they are aware of no information or materials that might show that their roof leaked prior to removal

---

[2] The warranty also covers shingle failure due to wind damage; however, no claim is made that the shingles failed due to wind damage.

and replacement of the Shingles in November 2012. Id., Resp. Nos. 5, 6, 7. Because the Limited Warranty, in relevant part, only provides coverage for shingles that leak, plaintiffs' claim that defendant breached such warranty by denying their claim for replacement of shingles that did not leak cannot survive summary judgment. The court, will, therefore, enter judgment dismissing plaintiffs' claim.

In reaching such conclusion, the court has thoroughly considered plaintiffs' argument that "Exclusion 10" of the Limited Warranty provides coverage for all manufacturing defects, regardless of whether such defect resulted in a leak. Exclusion 10 provides that defendants shall not be liable for "[l]eaks or damage to the Shingles from any cause other than inherent manufacturing defect in the shingle." Def, App. 4. If the court were to read the exclusion in the manner suggested by plaintiffs, the warranty would be substantially broader than the plain language of what the warranty provides is included, to wit, it would then cover damage to the shingles due to manufacturing defects regardless of whether such damage caused the shingles to leak. If read as plaintiffs suggest, the 50 year leakage warranty would turn into a 50 year warranty that would cover discoloration, deterioration, curling, and other aesthetic issues that did not cause leaks. Clearly, that is not the intent of the warranty at issue here as gleaned from the entire document. Emmanuel African Methodist Episcopal Church v. Reynolds Const. Co., Inc., 718 S.E.2d 201, 203-204 (N.C. Ct. App. 2011).

Due to such resolution of the claim on the merits, the court will not take up defendants' challenge to the timeliness of this action except to hold, as it did at the hearing, that defendants timely asserted the affirmative defense of the statute of limitations in light of its late discovery of facts that could support assertion of such defense.

**ORDER**

IT IS, **THEREFORE, ORDERED** that defendants' Motion for Summary Judgment (#31) is GRANTED, summary judgment is granted in favor of defendants and against plaintiffs dismissing plaintiffs' breach of warranty claim with prejudice.

The Clerk of Court is instructed to enter a judgment consistent with this Order dismissing this action in its entirety with prejudice and providing that plaintiffs have and take nothing from defendants.

Signed: May 21, 2014

Max O. Cogburn Jr.
United States District Judge